Filed 7/29/24  P. v. Huizar CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B332670 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA005019) |
| v. | |
| FRANK JOE HUIZAR, | |
| Defendant and Appellant. | |

THE COURT:

Frank Joe Huizar appeals the order of the superior court denying his postjudgment petition for resentencing under Penal Code[1] section 1172.6.  (Former § 1170.95, Stats. 2022, ch. 58, § 10.)  We appointed counsel to represent Huizar on appeal. After examination of the record, counsel filed an opening brief raising no issues and requesting that we exercise our discretion to independently review the record for arguable issues pursuant

---

[1] Undesignated statutory references are to the Penal Code.

to *People v. Delgadillo* (2022) 14 Cal.5th 216, 228–232 (*Delgadillo*).

## BACKGROUND

Huizar was convicted by jury of one count of first degree murder (§ 187, subd. (a)), with true findings on the allegations that during the commission of the offense Huizar personally used and discharged a firearm from an occupied motor vehicle causing great bodily injury and death (§§ 12022.5, 12022.55). The trial court sentenced Huizar to an aggregate term of 30 years to life.

On December 6, 2022, Huizar filed a section 1172.6 petition for resentencing. The superior court appointed counsel, and the district attorney filed a response to the petition. Defense counsel did not file a reply. In its response, the prosecution argued that because the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory of culpability based on imputed malice, Huizar's murder conviction did not rest on any of these theories, and he is ineligible for relief as a matter of law. Rather, the jury in this case "was instructed on only one theory of guilt for first-degree murder: willful, deliberate and premeditated murder which required proof beyond a reasonable doubt of [Huizar's] intent to kill (See CALJIC No. 8.20)." Indeed, the jury made clear in its verdict that Huizar was the actual shooter who personally inflicted great bodily injury and death. The People further argued that the aiding and abetting instructions permitted conviction for murder only if the jury found "beyond a reasonable doubt that the aider and abettor 'acted with knowledge of the criminal purpose of the perpetrator and with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense.' (*People v. Beeman* (1984) 35 Cal.3d 547, 560; see also CALJIC No. 3.01)."

2

The matter came on for prima facie review on August 2, 2023. The superior court noted that Huizar was not prosecuted and the jury was not instructed on a felony-murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice. The court further found that the jury convicted him of first degree murder as the sole perpetrator, and he personally used a firearm which caused great bodily injury and death. Finding no prima facie showing for relief, the superior court denied the section 1172.6 petition.

On appeal, Huizar filed his own supplemental brief in which he asserts (1) his trial attorney failed to respond to his request for his trial transcripts; (2) his attorney on appeal only sent him a partial 118-page record; (3) his fingerprints were not on the gun used in the shooting; (4) he was never offered a plea deal; (5) both the victim and the prosecutor were Asian; (6) someone else put the victim in the trunk of a car and killed him; and (7) he was not present when the victim was shot. In support of these contentions, Huizar submitted the following documents:

(1) A supplemental brief in *People v. Huizar*, B065763 (undated), which argues sufficient evidence required appellant's requested instruction on the theory of reasonable self-defense;

(2) A memorandum of points and authorities dated March 24, 2024, in support of Huizar's habeas petition in Case No. VA005019;

(3) An undated typed document, beginning on page 2, which concludes with Huizar's request as petitioner–appellant that "this Court apply the low and modest standard as required, find the District Court's 'substantial evidence' standard is too

high a hurdle, and issue the Certificate of Appealability accordingly;"

(4)  An undated document entitled "Memorandum of Points and Authorities," concluding with a request that the Court "grant the Petition and issue the Writ of Habeas Corpus;"

(5)  Huizar's declaration in support of the habeas petition dated March 26, 2024;

(6)  A "Motion for Certificate of Appealability Pursuant to 28 U.S.C. Sec. 2253(c)(2)" in "USDC No. CV 00-540 JSL (CW);"

and

(7)  This court's unpublished opinion in Huizar's direct appeal from his conviction.  (*People v. Huizar* (Sept. 30, 1993, B065763) [nonpub. opn.].)

## DISCUSSION

Because the instant appeal is not from his conviction, Huizar is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493].  (*Delgadillo, supra,* 14 Cal.5th at p. 227 ["Courts below have uniformly agreed that *Wende* procedures are not constitutionally required on an appeal from a denial of a postconviction petition under section 1172.6"]; *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; see also *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559 [107 S.Ct. 1990, 95 L.Ed.2d 539].)

However, although "[t]he filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues," we are required to address the contentions Huizar raises in his supplemental brief.  (*Delgadillo,*

4

*supra,* 14 Cal.5th at p. 232 ["the Court of Appeal is required to evaluate the specific arguments presented in [the supplemental] brief and to issue a written opinion"].)

> **Huizar's Claims Are Not Properly Raised in the Context of a Petition for Resentencing Under Section 1172.6**

In his supplemental brief, Huizar does not challenge the superior court's determination that he could not have been convicted on a felony-murder theory, under the natural and probable consequences doctrine, or under any other theory of imputed malice because the jury was not instructed on these theories. He also does not dispute the superior court's observation that he was the sole perpetrator in the commission of the murder. Nor does Huizar counter the jury's express findings that he personally used and intentionally discharged a firearm causing great bodily injury and death. Rather, Huizar attempts to reargue issues related to jury instructions that he raised in his direct appeal, matters presented to the superior court in a petition for habeas corpus from March of this year, and advance various ineffective assistance of counsel claims.

However, none of the points Huizar makes in his letter brief or its supporting documents states a valid basis for resentencing under section 1172.6.

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) in 2018, effectively abolishing the natural and probable consequences doctrine in cases of murder and limiting the application of the felony-murder doctrine. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) With one narrow exception (see § 189, subd. (f)), Senate Bill No. 1437 effectively eliminated murder convictions premised

5

on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life.  (§§ 188, subd. (a)(3), 189, subd. (e).)

Senate Bill No. 1437 also enacted former section 1170.95 (now § 1172.6), which established a procedure for vacating the murder convictions of defendants who could no longer be convicted of murder because of the amendments to sections 188 and 189.  (Stats. 2018, ch. 1015, § 4; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 959, 971; *People v. Gentile* (2020) 10 Cal.5th 830, 843.)  Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

Section 1172.6, subdivision (c) requires the court to appoint counsel when requested upon the filing of a properly pleaded petition for resentencing.  (*Lewis, supra*, 11 Cal.5th at pp. 963, 966.)  The court must then conduct a prima facie analysis with briefing to determine the petitioner's eligibility for relief, and, if the requisite prima facie showing is made, issue an order to show cause.  (§ 1172.6, subd. (c); *Lewis*, at p. 971; *People v. Nieber* (2022) 82 Cal.App.5th 458, 469–470.)

At the prima facie review, if the record of conviction contains facts refuting the allegations of the petition as a matter of law, no prima facie showing can be made, and the petition is properly denied.  (*Lewis, supra*, 11 Cal.5th at p. 971.)  Here, as

the superior court determined, Huizar was not prosecuted and the jury was not instructed on a felony-murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice. Huizar was the sole perpetrator of this crime. And as the jury found, Huizar personally used and intentionally discharged a firearm causing great bodily injury and death. Accordingly, Huizar is ineligible for relief under section 1172.6 as a matter of law.

We therefore affirm the superior court's denial of Huizar's petition for resentencing under section 1172.6 and reject the claims asserted in his supplemental brief.

## DISPOSITION

The order of the superior court denying Huizar's petition for resentencing under Penal Code section 1172.6 is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

7